JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Kenneth Johnson, appeals his conviction for running a red light. For the reasons that follow, we affirm.
 {¶ 2} On July 15, 2002, appellant was traveling southbound on Northfield Road near Randall Park Mall when he allegedly failed to stop for a red light and collided with a vehicle driven by Sierra Shaw as she was crossing Northfield Road from the parking lot of her place of employment. The traffic citation eventually issued to appellant cited him for (1) "light crash," in violation of North Randall Codified Ordinance 414.01; and (2) driving with expired license plates, in violation of North Randall Codified Ordinance 436.09.
 {¶ 3} Appellant pleaded not guilty to these offenses and the matter proceeded to trial. Sierra Shaw, testifying for the city, testified that she was stopped at the traffic light at Northfield Road and was waiting to cross that road and enter the Randall Park Mall. As she proceeded to cross Northfield Road after the light turned green, appellant's vehicle struck her vehicle near the front, passenger side.
 {¶ 4} Also testifying for the city was Larry E. Martin ("Martin"), who was traveling northbound on Northfield Road on the date in question and witnessed the accident between appellant and Ms. Shaw. Martin testified that he was stopped at the traffic signal because it was red for northbound traffic. He then observed appellant's vehicle proceed at a speed greater than the surrounding vehicles and ultimately collide with Ms. Shaw's vehicle.
 {¶ 5} North Randall Police Officer Cherie Whitted was one of the officers at the scene of the accident. She testified as to the traffic light configuration and that the lights are synchronized so that the light would be red for both northbound and southbound traffic simultaneously. After obtaining statements from appellant, Ms. Shaw and Martin, Officer Whitted issued a traffic citation to appellant for running a red light. The officer also cited appellant for driving with an expired license tag after verifying that the license tag had indeed expired.
 {¶ 6} Appellant testified on his own behalf. It was his position that Ms. Shaw had run the red light and collided with his vehicle. He further argued that Martin's testimony as to the color of the traffic light was not credible.
 {¶ 7} The municipal court ultimately found appellant guilty of both offenses and fined him accordingly. Appellant is now before this court and challenges his conviction for violating North Randall Codified Ordinance 414.01[1] as being against the manifest weight of the evidence and also contends that there was insufficient evidence to support the conviction.
 {¶ 8} Relying on State v. Jenks (1991), 61 Ohio St.3d 259, appellant contends that an appellate court applies the same test when reviewing both weight-of-the-evidence and sufficiency-of-the-evidence claims. Id. at 273. This language has often been criticized and, indeed, the Ohio Supreme Court in Thompkins explicitly stated that the "legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus.
 {¶ 9} "With respect to sufficiency of the evidence, `"sufficiency"' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * * In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. * * *
 {¶ 10} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 {¶ 11} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. * * *" (Citations omitted.) Id.
 {¶ 12} With these differing standards of review in mind, we note that appellant's arguments are directed more to the weight of the evidence rather than its sufficiency. We, nonetheless, will address whether appellant's convictions are supportable under either standard of review.
 {¶ 13} North Randall Codified Ordinance 414.01, provides, in relevant part:
 {¶ 14} "No * * * driver of a vehicle shall disobey the instructions of any traffic-control device placed in accordance with the provisions of this Traffic Code * * *."
 {¶ 15} Ms. Shaw testified that she proceeded across Northfield Road after the traffic light in her direction turned from red to green. Martin testified that the traffic signal was red for northbound traffic. Officer Whitted then testified that the traffic lights are timed the same for both southbound and northbound traffic. Consequently, if the light was red for Martin, it was also red for appellant.
 {¶ 16} Appellant challenges the testimony of these witnesses as to whether the light was really red in appellant's direction. Indeed, appellant asserts that the city had a duty to put forth more than a "bald assertion by an officer that the lights would have been the same for traffic going in both directions." On the contrary, the city has to submit proof beyond a reasonable doubt that appellant "disobeyed the traffic light." Here, there was sufficient evidence submitted to support that the traffic light was red and that, as such, appellant disobeyed the traffic light in violation of North Randall Codified Ordinance 414.01.
 {¶ 17} As pertains to appellant's manifest-weight-of-the-evidence argument, we similarly find no error. It is true that the city's version of events conflicted with that presented by appellant. The trial court apparently found the testimony of the city's witnesses to be credible and appellant's testimony to be less so. It is within the purview of the factfinder to believe all or part of any testimony the factfinder hears. We cannot say that the trial court lost its way in resolving this conflicting testimony so as to create a manifest miscarriage of justice.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., and ANN DYKE, J., concur.
[1] Appellant does not challenge his conviction for driving with expired license tags.